Brady v New York County Dist. Attorney's Off. (2018 NY Slip Op 00895)





Brady v New York County Dist. Attorney's Off.


2018 NY Slip Op 00895


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Manzanet-Daniels, J.P., Andrias, Kapnick, Moulton, JJ.


154496/15 5641 126067 126268 5640

[*1]James H. Brady, Plaintiff-Appellant,
v
The New York County District Attorney's Office, et al., Defendants-Respondents.
 James H. Brady, Claimant-Appellant,
v
The State of New York, et al., Defendants-Respondents.


James H. Brady, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Elizabeth N. Krasnow of counsel), for the New York County District Attorney's Office, respondent.
Zachary W. Carter, Corporation Counsel, New York (Julie Steiner of counsel), for City of New York, respondent.
Eric T. Schneiderman, Attorney General, New York (David Lawrence III of counsel), for State respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered November 30, 2015, which granted defendant District Attorney's Office's motion to dismiss the complaint, and dismissed the complaint as against the City of New York, unanimously affirmed, with costs. Order, Court of Claims (Thomas H. Scuccimarra, J.), entered February 10, 2016, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss Claim No. 126268 as against the State and the Attorney General's Office, and dismissed Claim No. 126067 as against the State and the Attorney General's Office, unanimously affirmed, with costs.
In these actions, plaintiff/claimant, acting pro se, asserts claims under 42 USC § 1983 and state law alleging that defendants' refusal to investigate his allegations of judicial corruption constitutes gross negligence, willful misconduct, prima facie tort, negligent infliction of emotional distress, and a violation of the equal protection clause. To the extent any of these defendants can be sued at all, they are protected by absolute prosecutorial immunity, which applies to the decision whether or not to initiate a prosecution (see Imbler v Pachtman , 424 US 409, 431 [1976]), as well to the investigative and administrative acts that are intertwined with [*2]this decision, such as the decision not to investigate a complaint (see Moore v Dormin , 252 AD2d 421 [1st Dept 1998, Rosenberger, J., concurring], lv denied 92 NY2d 816 [1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK